JUAN JOSÉ MÉNDEZ RAMOS, Petitioner and Appellant, *v.* GERARDO DELGADO, WARDEN, Respondent and Appellee.

No. 12778. Resubmitted April 20, 1961.—Decided June 30, 1961.

*J. Córdova Rivera* for appellant. *J. B. Fernández Badillo,*
*Attorney General of Puerto Rico,* and *Rodolfo Cruz Contre-*
*ras, Assistant Attorney General,* for appellee.

MR. CHIEF JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion
of the Court.

In his petition for habeas corpus presented on his own
right before the Superior Court, Arecibo Part, appellant
challenged a sentence of 6 to 10 years' imprisonment im-
posed on him for the crime of grand larceny, on the ground
that there was not a wide enough margin of fluctuation
between the fixed minimum of 6 years and the maximum
of 10 years, for which reason the purposes of the Inde-
terminate Sentences Act would be defeated. 34 L.P.R.A.
§ § 1024–25. *People* v. *Superior Court,* 78 P.R.R. 135.

After a hearing the trial court denied the petition for
habeas corpus without considering the merits of the ques-
tion raised, on the ground that the petitioner would not start
to serve the challenged sentence until December 20, 1963,
according to the service of the writ, since he was serving
a sentence of 1 to 3 years' imprisonment imposed on him
by the Superior Court, Ponce Part, for another crime of
grand larceny, and before starting to serve the sentence of
6 to 10 years, which he challenged, he should also serve two
other sentences imposed by the Superior Court, San Juan
Part, of 1 to 3 years in the penitentiary for crimes of the
same kind.

In the appeal, before us, through counsel appointed by
this Court to represent him, appellant maintains that what
he tries to obtain is an amendment of the challenged sen-
tence, since the 6-year minimum violates the principle of
indetermination and that sentence therefore being null, he
may challenge the same by habeas corpus even though he
has not started to serve the same.

Appellant is wrong. It should be a well-settled doctrine in this jurisdiction [1] that the writ of habeas corpus does not lie to set aside a sentence which has not yet been served due to the fact that petitioner is serving another sentence for which his imprisonment is lawful. The purpose of the writ is to investigate the lawfulness of the arrest with a view to granting the remedy of release from jail, if the same is illegal or of admitting him to bail in appropriate cases. The writ of habeas corpus may not be used as a means of securing judicial decisions which shall not affect petitioner's custody or arrest. *McNally* v. *Hill, Warden*, 293 U.S. 131, 79 L. Ed. 238 (1934). *Cf. Díaz* v. *Campos*, 81 P.R.R. 975.

The trial court having acted correctly, the sentence is affirmed.

Mr. Justice Serrano Geyls did not participate herein.

---

[1] In *Ex parte Rodríguez*, 3 P.R.R. 284 (1903), this Court denied the discharge of petitioner therein on the ground that the principal penalty of imprisonment for two months to which he was sentenced upon conviction for a violation of the election law had not yet expired, his detention being still lawful then, for which reason the writ did not lie, in spite of the allegation that he was detained in prison to serve an additional term of twenty-eight days in jail for failure to pay the costs.